IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANEL WORLD TRADE, LTD.<br>and ORDER LOGISTICS, INC.,<br><br>    Plaintiffs,<br>vs.<br><br>WORLD LOGISTICS SERVICES, INC.,<br>RICHARD FRANCIS, and BRIAN GRIFFIN,<br><br>    Defendants. | 08-CV-1327 (RJS) |

### REPLY BRIEF SUBMITTED BY DEFENDANT RICHARD FRANCIS IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) and 9(b)

**LEVI & KORSINSKY, LLP**

Attorneys for defendant Richard Francis

39 Broadway, Suite 1601
New York, NY 10006
Phone: (212) 363-7500

**PRIBANIC & PRIBANIC, LLP**

Attorneys for defendant Richard Francis

513 Court Place
Pittsburgh, PA 15219
Phone: (412) 281-8844

## Table of Contents

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Plaintiffs' Memorandum of Law on the Issue of "Loss Causation" is Conclusory,
    and Offers No Substantive Response to Defendant's Motion to Dismiss . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**Cases:**

<u>Dura Pharmaceuticals, Inc. v. Broudo</u>,
    544 U.S. 336, 125 S.Ct. 1627 (2005) . . . . . . . . . . . . . . . . . . 1, 2, 3

<u>Lentell v. Merrill Lynch & Co., Inc.</u>,
    396 F.3d 161 (2d Cir. 2005);
    *cert. denied*, 546 U.S. 935, 126 S.Ct. 421 (2005) . . . . . . . . . . . . . . . . . . 2

<u>Leykin v. AT&T Corp.</u>,
    423 F.Supp.2d 229 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . 1, 2, 3


**Statutes and Rules:**

15 U.S.C. § 78j(b); § 10(b) . . . . . . . . . . . . . . . . . . 1

17 C.F.R. § 240.10b-5; Rule 10b-5 . . . . . . . . . . . . . . . . . . 1

**REPLY BRIEF SUBMITTED BY DEFENDANT RICHARD FRANCIS IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) and 9(b)**

I. **Plaintiffs' Memorandum of Law on the Issue of "Loss Causation" is Conclusory, and Offers No Substantive Response to Defendant's Motion to Dismiss.**

Defendant Francis seeks to dismiss plaintiffs' federal securities law claims on several independent bases, among which challenge the sufficiency of plaintiffs' complaint in terms of the element of "loss causation" as the Supreme Court recently defined that element in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627 (2005). To this end, defendant Francis identified the only three paragraphs of plaintiffs' complaint that even referenced any economic loss at all (¶ 2, ¶ 33, and ¶ 34), and argued that such scant allegations made no attempt to inform the defendants whether such "loss" was attributable to any adverse fluctuation in the market price of Janel stock following disclosure of the "omission." Nor did any of these three allegations even identify the *source* of the alleged loss.

The first point the plaintiffs offer this Court is that Dura is "not relevant" because it is distinguishable on its facts as a "fraud on the market case." This argument is of no consequence. Nowhere in the Dura opinion does the Supreme Court suggest that the analysis it employed was limited to a "fraud on the market" context. Nor do the plaintiffs even attempt to explain why or how the Supreme Court's interpretation of the pleading requirements articulated in Dura should logically or necessarily apply only in a fraud on the market context. To the contrary, this Court is obliged to apply Dura because the Supreme Court sets forth in that opinion principles that are applicable in a variety of factual contexts within § 10(b) of the Securities Exchange Act and **Rule 10b-5** promulgated under that section.[1]

---

[1] Defendant Francis also notes that this Court has quoted from the Dura opinion in Leykin v. AT&T Corp., 423 F.Supp.2d 229 (S.D.N.Y. 2006). The plaintiffs cite to Leykin in opposition to the motion

Defendant Francis argued in his underlying memorandum that this Court elucidated the applicable pleading standard in this context in Leykin v. AT&T Corp., 423 F.Supp.2d 229 (S.D.N.Y. 2006) when it stated:

> '[A] plaintiff must allege . . . that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered (citation to Suez Equity omitted); *i.e.*, that the misstatement or omission conceal something from the market that, when disclosed, *negatively affected the value of the security.* Otherwise the loss was not foreseeable.

Id. at 239, *quoting* Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161, 173 (2d Cir. 2005), *cert. denied,* 546 U.S. 935, 126 S.Ct. 421 (2005) (first emphasis in original; second emphasis supplied). Defendant Francis argued from this that the only three paragraphs of the complaint that even referenced economic loss were not merely insufficient under Dura, Lentell, and Leykin, but that such necessary allegations simply did not exist in the first instance.

Plaintiffs' response to the motion to dismiss on this point is also legally vapid because the plaintiffs offer no substantive challenge to this defendant's analysis of ¶¶ 2, 33 and 34 of the complaint. Instead, the plaintiffs state in conclusory fashion that "[s]uch economic loss and causation have been adequately pleaded in this complaint," and that "[p]laintiff's [*sic*] complaint has done precisely what the rules require." **Plaintiffs' Memorandum at 4.** Plaintiffs' response in this regard is not merely a weak argument - it is tantamount to no argument at all.

Finally, defendant Francis notes that defendant Griffin argues in support of his separate motion to dismiss that Janel's common stock actually *increased* in value after it executed the Asset Purchase Agreement, and that such increase accelerated after the disclosure of the alleged "omission." **Griffin Memorandum at 10, n.7** (attaching affidavit). The plaintiffs do not deny

---

to dismiss. It is inconsistent for the plaintiffs to argue that Dura must be limited to its facts and is otherwise "not relevant" when a case from this Court on which the plaintiffs do rely - Leykin - expressly quotes from Dura. *See* **Plaintiffs' Memorandum at 5.**

that Janel's stock experienced such increase in value. To the contrary, they tacitly acknowledge the accuracy of defendant Griffin's statement when they suggest that Janel has suffered a loss of *net income* as compared to the same period of time one year earlier: "The plaintiffs have suffered losses even if the value of its stock has risen." **Plaintiffs' Memorandum at 5.** Although plaintiffs' complaint suffers from legally insurmountable pleading infirmities even in the absence of such tacit admission, the admission is itself separately fatal to their causes of action under § 10(b) and Rule 10b-5.

Furthermore, plaintiffs cannot withstand dismissal of their complaint by suggesting that they may satisfy the legal pleading requirements of "loss causation" and "economic loss" under Dura and Leykin through a generic allegation that they suffered a loss of "net income." A loss of business income may have myriad interrelated and complex causes rooted in the normal business cycle that has nothing at all to do with the single "omission" of which the plaintiffs complain in this case. This is especially true during these times of economic ambiguity. In any event, plaintiffs' argument in this regard is purely academic because no allegations relating to a "loss of net income" appear anywhere in plaintiffs' complaint.

## CONCLUSION

For the reasons advanced herein and in the initial memorandum of law, defendant Richard Francis respectfully prays that this Honorable Court dismiss plaintiffs' complaint in its entirety as against him.

DATED: June 19, 2008

                                                Respectfully submitted,

**LEVI & KORSINSKY, LLP**

Eduard Korsinsky (EK 8989)
Joseph E. Levi (JL 0848)
Juan E. Monteverde (JM 8169)

39 Broadway, Suite 1601
New York, NY 10006
Phone: (212) 363-7500
Fax:     (212) 363-7171

**PRIBANIC & PRIBANIC, LLP**

Vincent Coppola

513 Court Place
Pittsburgh, PA 15219
Phone: (412) 281-8844
Fax:    (212) 281-4740

4

## CERTIFICATE OF SERVICE

Juan E. Monteverde, under penalties of perjury, affirms as follows:

1. I am an associate at Levi & Korsinsky, LLP and I am over eighteen years of age and am not a party tot eh above referenced matter.

2. On June 20, 2008, I served the foregoing **REPLY BRIEF** in support, upon:

> WILLIAM J. DAVIS
> Scheichet & Davis, PC
> 767 Third Ave., 24th Floor
> New York, NY 10017
> **Attorneys for Plaintiffs**
>
> ERIC S. HUTNER
> Hutner Klarish LLP
> 1359 Broadway, Suite 2001
> New York, NY 10018
> **Attorneys for Defendant Brian P. Griffin**

the address designated by said attorneys for that purpose, by depositing a true copy thereof, in a first class pre-paid envelope properly addressed as indicated above and Via ECF.

Dated:   June 20, 2008

_____
Juan E. Monteverde